CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUL 26 2024

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

CHRISTOPHER E. WILSON, )
    Petitioner )        **Case No. 7:23-cv-00169**
)
v. )
)
CHADWICK S. DOTSON, )
)        **By: Michael F. Urbanski**
    Respondent )        **Senior United States District Judge**

## MEMORANDUM OPINION

Christopher E. Wilson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in the Circuit Court of Floyd County on one count of attempted arson in violation of Virginia Code §§ 18.2-26 and 18.2-79. ECF No. 1.[1] The respondent filed a motion to dismiss on November 8, 2023, to which Wilson replied on December 12, 2023. ECF Nos. 17, 25.[2] For the reasons stated below, the court **GRANTS** respondent's motion to dismiss and **DISMISSES** Wilson's application for habeas corpus relief.

### I. Background

On September 23, 2014, Wilson was found guilty on one count of attempted arson in violation of Virginia Code §§ 18.2-79 and 18.2-26, and one count of Trespass in violation of Virginia Code § 18.2-119, for events that occurred on May 30, 2014. Sentencing Order in

---

[1] He also was convicted of trespassing but does not challenge that conviction in this motion.

[2] Wilson titled his reply "Motion to Vacate and Dismiss Assignments of Error," but the court construes it as a reply to the government's response. To the extent Wilson intended to raise new claims, he cannot do so in a reply brief absent an explanation of why he did not raise the claims in his original motion. See Equity in Athletics, Inc., 504 F.Supp.2d 88 (W.D. Va. Aug. 21, 2007); Taylor v. United States, No. 2:23-cv-487, 2024 WL 287700, at *13–14 (E.D. Va. Jan. 22, 2024) appeal docketed, No. 24-6117 (4th Cir. Feb. 9, 2024).

Commonwealth v. Wilson, No. R-14000168 (Va. Cir. Ct. Feb. 10, 2015), ECF. No. 17-1 herein. On February 10, 2015, the court sentenced Wilson to a term of 10 years incarceration in the Virginia Department of Corrections on the attempted arson conviction, with 9 years suspended, and 12 months on the trespass conviction, with 12 months suspended. In addition, he was ordered to serve a 5-year term of probation on the attempted arson charge. Id.

Wilson filed a direct appeal, arguing that "the evidence presented at trial was insufficient, as a matter of law, for the trial court to establish that the structure involved in the case met the definition of any of the listed structures in Va. Code Ann. § 18.2–79." Wilson v. Commonwealth, 66 Va. App. 9, 11, 781 S.E.2d 754, 755, (2016). At issue was whether the Check Country Store was properly considered a "storehouse" under the statute, which makes it a Class 3 felony to burn several types of buildings, including storehouses. Id., 66 Va. App. at 14, 781 S.E.2d at 756 (citing Va. Code Ann. § 18.2-79). In an opinion issued on February 9, 2016, the Court of Appeals of Virginia described the evidence supporting the conviction as follows:

> [T]he Check Country Store in Floyd County is owned by Wayne Lamay. On May 28, 2014, appellant was involved in an incident at the store. As a result of that incident, Mr. Lamay told appellant, in "no uncertain terms," that he could no longer come back onto the premises of the store. The Check Country Store has a room for storing grain or feed and offers other goods for retail sale. The trial court found from the evidence that grain is stored in the feed room of the store.
>
> On the morning of May 30, 2014, appellant's mother drove appellant to the Check Country Store. Upon arriving, appellant remained in the vehicle in the parking lot as his mother entered the store to purchase alcohol for him. Cassandra Kietzmann testified that she saw appellant get out of the vehicle and yell loudly. Ms. Kietzmann heard appellant yelling about not being allowed to be at the store and heard him threaten to fight a man

in the parking lot. Next, she saw appellant walk back to his mother's vehicle and grab some type of book. Appellant began to rip up the pages of the book and light the pages on fire. Ms. Kietzmann then witnessed appellant stuff those pages of paper into the door handle of the Check Country Store. She testified that appellant tried to light those pages on fire with a lighter, but was unsuccessful because it was a "very windy day." When the pieces of paper did not light, Ms. Kietzmann heard appellant yell, "Go ahead, call the cops," followed by, "I'll kill you." After appellant and his mother left the premises, Ms. Kietzmann, who had been viewing this incident from across the street, pulled up to the store to pump gas. Before leaving, Ms. Kietzmann removed some wrinkled, burned paper from the door handle of the Check Country Store.

Tim Austin testified that he was at the Check Country Store on May 30, 2014, to install a door. Mr. Austin testified that appellant screamed at him that he would kill him. Mr. Austin witnessed appellant tearing pages out of a Bible and throwing them into the air. At this point, Mr. Austin went into the Check Country Store through the grain room door to check on his wife Cathy, who worked at the store. As he was walking towards his wife, Mr. Austin saw burning papers swirling around—including some that had entered into the store through the open front door. Once inside the store, Mr. Austin's wife told him to "go back in the grain room and lock the door and stay back there," which Mr. Austin did.

Cathy Austin, the wife of Tim Austin, testified that appellant's mother remained in the store for "five or ten minutes." While appellant's mother was in the store, Mrs. Austin could see appellant "pacing" and hear him "hollering" outside. Mrs. Austin witnessed appellant's mother purchase an alcoholic drink from the Check Country Store before she left with appellant. After appellant and his mother had left, Mrs. Austin "collected a bunch of [the] papers," noticed that "some of them were burned," and "put them in a plastic bag in case the police wanted them." Both Mr. and Mrs. Austin testified that the Check Country Store has a room for grain or feed and that Mr. Austin locked himself inside the grain room during the incident involving appellant.

Appellant testified that the papers he placed in the door handle of the Check Country Store were pages from a Bible he had burned at his home—prior to his arrival at the store on May 30,

3

> 2014. Appellant denied having a lighter with him on that day and
> said he had no intent to burn the store. He testified that he was
> expressing his feelings because he "was a little upset." Appellant
> acknowledged that he had previous convictions for felonies and
> for crimes of moral turpitude. The trial court rejected appellant's
> testimony as "not credible" and found him guilty of both charges.

Id., 66 Va. App. at 11–13, 781 S.E.2d at 755–56.

The appellate court denied relief, finding that the trial court's finding of fact that the

Check Country Store was a "storehouse" for purposes of Va. Code § 18.2-79 was supported

by credible evidence. Id., 66 Va. App. at 19, 781 S.E.2d at 759. Wilson appealed the decision

to the Supreme Court of Virginia, which, on November 8, 2016, refused the petition. Order,

ECF No. 17-3 at 36 herein.

On August 24, 2017, Wilson filed a petition for writ of habeas corpus in state court.

ECF No. 17-4 at 10–57. The Commonwealth filed a motion to dismiss the petition on

September 20, 2017, and the Supreme Court of Virginia granted the motion to dismiss and

denied the application for habeas corpus relief on May 8, 2018. Id. at 1–8, 161–173.

Wilson filed the pending petition in this court on March 17, 2023. ECF No. 1-1. He

argues that the state trial court lacked jurisdiction over his case because the building which he

attempted to burn down was a "storehouse" and "storehouses" are excepted from the list of

buildings covered by the arson statute, Va. Code § 18.2-79. Mot., ECF No. 1. In the

Commonwealth's motion to dismiss, it argues that (1) Wilson's motion is time-barred; (2)

Wilson did not exhaust his available state court remedies; (3) Wilson's motion is procedurally

barred because the state court dismissed his claim based on an independent and adequate state

ground; (4) Wilson does not raise a constitutional claim but argues that the trial court

committed an error of state law which is not cognizable in a federal habeas corpus claim; (5)

4

Wilson challenges the state court habeas proceeding which is not cognizable on habeas review; and (6) even if Wilson's claim were properly before the court, he is not entitled to relief on the merits. Mot. to Dism., ECF No. 17.

In Wilson's reply to the response, he argues that his conviction was "procured and sustained" by "extrinsic fraud" because the court did not have "jurisdiction over a 'storehouse' in Va. Code Ann. § 18.2-79." Reply, ECF No. 25 at 2. He also argues that because the court did not have jurisdiction when it found him guilty of attempted arson in 2015, it did not have authority to revoke his parole on February 28, 2023. Id. at 1.

## II. Analysis

### A. Timeliness of Claim

A prisoner seeking federal habeas corpus relief must file a petition within the one-year statute of limitations period, which runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Following state court review, if a petitioner does not seek a writ of certiorari from the United States Supreme Court, the one-year period of limitations begins to run on the date the period for seeking review with the Supreme Court expires. Gonzalez v. Thaler, 132 S.Ct. 641, 653–54 (2012).

In Wilson's case, the Supreme Court of Virginia refused his petition for appeal on November 8, 2016. He did not seek a writ of certiorari with the United States Supreme Court, meaning that the limitations period in his federal habeas case began to run 90 days later, or on February 6, 2017. See Rule 13(1) of the Rules of the Supreme Court (setting out 90-day time limit for filing petition for writ of certiorari). With a start date of February 6, 2017, the statute of limitations for Wilson to file his federal habeas petition expired on February 6, 2018. Wilson did not file his petition in this court until March 17, 2023, more than five years after the deadline.

The one-year deadline for filing is suspended during the pendency of a properly filed state habeas case. Wilson's state habeas petition was pending from August 24, 2017, through May 8, 2018, a period of 258 days. Adding 258 days to the February 6, 2018, deadline extended the deadline to October 22, 2018. As Wilson did not file his motion until March 17, 2023, it still was filed more than four years too late. Because Wilson's federal habeas petition was filed too late, and because he has not sought equitable tolling and the record does not indicate that he is entitled to equitable tolling, his application for habeas corpus relief is **DISMISSED** as time barred.

6

**B. Exhaustion and Procedural Default**

In the alternative, Wilson's claim is subject to dismissal because it is unexhausted and procedurally defaulted. Before a court may address a claim in a federal habeas petition, the petitioner must first have exhausted the claim in state court. 28 U.S.C. §§ 2254(b), (c); Kasi v. Angelone, 300 F.3d 487, 501 (4th Cir. 2002). A petitioner satisfies the exhaustion requirement by "fairly presenting" both the operative facts and the controlling legal principles to the state court. Id. (citing Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) and Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), overruled on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011)). Nevertheless, a claim that has not been presented to the highest state court may be treated as exhausted if the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. Baker, 220 F.3d at 288.

Wilson claims in this federal habeas case that the state trial court lacked jurisdiction over the "storehouse" that he attempted to set on fire. Despite his use of the term "jurisdiction," as best as can be determined by his pleadings, he is arguing that the trial court did not properly interpret or apply the relevant statute to his case. The statute, Va. Code § 18.2-79, provides the following:

> If any person maliciously burns, or by the use of any explosive device or substance, maliciously destroys, in whole or in part, or causes to be burned or destroyed, or aids, counsels, or procures the burning or destroying, of any meeting house, courthouse, townhouse, institution of higher education, academy, schoolhouse, or other building erected for public use except an asylum, hotel, jail, prison or church or building owned or leased by a church that is immediately adjacent to a church, or any banking house, warehouse, storehouse, manufactory, mill, or other house, whether the property of himself or of another person, not usually occupied by persons lodging therein at night, at a time when any person is therein, or if he maliciously sets fire

7

> to anything, or causes to be set on fire, or aids, counsels, or procures the setting on fire of anything, by the burning whereof any building mentioned in this section is burned, at a time when any person is therein, he shall be guilty of a Class 3 felony. If such offense is committed when no person is in such building mentioned in this section, the offender shall be guilty of a Class 4 felony (emphasis added).

Wilson argues that the "except" clause, which excepts the burning of an "asylum, hotel, jail, prison or church or building owned or leased by a church that is immediately adjacent to a church" from the list of structures the burning of which constitutes a Class 3 felony, includes the structures that are described in the next clause, i.e., "a banking house, warehouse, storehouse, manufactory, mill, or other house." In other words, he argues that storehouses are excluded from the arson statute.[3]

Wilson did not make this argument to the state appellate court. Rather, his argument to the state appellate court was that the structure that he attempted to burn down, the Check Country Store, was not a "storehouse" under the statute. See Pet. for Appeal, ECF No. 17-3 at 3–34 herein. Wilson did raise the issue to the state habeas court and argued that the state court lacked jurisdiction over the storehouse. See Pet. for Writ of Habeas Corpus, ECF No. 17-4 at 10–57. However, the state habeas court found the claim to be barred because Wilson was challenging the sufficiency of the evidence which is not jurisdictional, and further found that the non-jurisdictional issue could have been raised at trial and was not cognizable in a

---

[3] The structures that are excluded in Va. Code § 18.2-79, "an asylum, hotel, jail, prison or church or building owned or leased by a church that is immediately adjacent to a church," are covered by Va. Code § 18.2-77, which states that persons found guilty of arson against these structures is subject to a term of incarceration of five years to life. This punishment is greater than the punishment for the structures listed in § 18.2-79, which punishes arson as a Class 3 felony, which carries a term of imprisonment of five to twenty years if the structures are occupied at the time of the arson. Va. Code. § 18.2-10(c). Notably, banking houses, warehouses, storehouses, and manufactories, mills, or other houses are not included in § 18.2-77.

habeas petition, citing in support, Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) ("A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error.") Order on Pet. for Writ of Habeas Corpus, ECF No. 17-4 at 1.

Wilson's claim before this court thus is barred for two reasons. First, it is unexhausted because he did not raise the issue of whether a storehouse is excepted from the statute either at trial or on direct appeal. See Kent v. Kuplinski, 702 F. App'x 167, 168 (4th Cir. 2017) (per curiam) ("To provide state courts with the first opportunity to consider constitutional challenges to a state prisoner's criminal convictions, the prisoner must exhaust all available state remedies with respect to a claim before raising that claim in a federal habeas petition"); Jones v. Sussex I State Prison, 591 F.3d 707, 712–13 (4th Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("To provide the state with this opportunity, 'the prisoner must 'fairly present' his claim in each appropriate state court ..., thereby alerting that court to the federal nature of the claim.'")

Second, the claim is procedurally barred because the state habeas court dismissed the claim on a state procedural rule, which provides an adequate and independent ground for dismissal. "Where a state court clearly and expressly bases its dismissal of a habeas claim on a state procedural rule and that rule provides an independent and adequate ground for dismissal, the petitioner will have procedurally defaulted on that habeas claim." Kent, 702 F. App'x at 169 (citing Breard v. Pruitt, 134 F.3d 615, 619 (4th Cir. 1998)). The Fourth Circuit has held that "'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision.'" Dunaway v. Dir. of VA Dept. of Corr., 414 F. App'x 560, 561–62 (4th Cir. 2011) (per curiam) (quoting Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir.

9

1997)). In addition, "when a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of 'cause and actual prejudice.'" Reed v. Ross, 468 U.S. 1, 11 (1984). To show cause, a petitioner must show that some objective factor external to the defense impeded counsel's ability to raise the claim in state court at the appropriate time. Breard, 134 F.3d at 620. Wilson has made no showing of cause and prejudice for failing to properly bring his claim in state court. Accordingly, his claim is **DISMISSED** because it is unexhausted and procedurally defaulted.

### C. Failure to Raise Constitutional Claim

It is well settled that a habeas petitioner must allege and prove that his conviction was obtained in violation of federal law.

> The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And we have repeatedly held that "federal habeas corpus relief does not lie for errors of state law."

Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991) and Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67–68. In Wilson's case, although he attempts to characterize his argument as a challenge to the state court's jurisdiction to rule on his case, the crux of his argument is that the state statute setting forth the elements necessary to prove arson exempted "storehouses" from the types of buildings one is prohibited from burning. His argument clearly challenges the application of Virginia law to the facts of his case and as such a claim is not cognizable on habeas review, it is **DISMISSED.**

10

### D. Attack on State Collateral Proceedings

To the extent Wilson is challenging the determination of the Virginia Supreme Court denying his state habeas petition, he cannot bring such a claim in federal court. "In this Circuit, 'claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.'" Sigmon v. Stirling, 956 F.3d 183, 193 (4th Cir. 2020) (quoting Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)). Accordingly, any such claim brought by Wilson is **DISMISSED**.

### E. Merits of Claim

The Commonwealth argues that even if Wilson's claims were properly before the court, he would not be entitled to habeas corpus relief. However, the court finds that it cannot reach the merits of Wilson's claim because there is no state court opinion for this court to review.

A federal court may grant a petitioner habeas relief from a state court judgment if the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). However, federal courts reviewing claims that have been adjudicated on the merits in the state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Further, the federal court must presume that the state court's factual findings are correct, and this presumption can be overcome only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When the last court to decide a state habeas petition does not give reasons for its determination, the federal habeas court must "look through" the unexplained decision to the last related state-court decision that provides a relevant rationale. Wilson v. Sellers, 138 S.Ct. 1188, 1191–92 (2018). The federal habeas court may "presume that the unexplained decision adopted the same reasoning." Id. at 1192. In the instant case, the last state court to give a reasoned decision was Court of Appeals of Virginia in Wilson, 66 Va. App. 9, 781 S.E.2d 754. However, that court did not address the issue Wilson raises in this court.

The government argues that the appellate court determined that his claim was without merit and that Wilson has not shown that the determination was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Br. in Supp. of Mot. to Dism., ECF No. 17 at 10–14. However, as discussed above, the claim Wilson raises in this federal petition has never been addressed by a state court because it was never properly presented to a state court. Wilson did not raise the issue at trial or on direct appeal and the issue was not addressed on the merits in his state habeas petition because the court found the issue was not cognizable in a petition for writ of habeas corpus as it raised an issue of sufficiency of the evidence rather than jurisdiction. Order on Pet. for Writ of Habeas Corpus, ECF No. 17-4 at 1. Because Wilson procedurally defaulted this claim, there is no decision for this court to evaluate under the 28 U.S.C. § 2254(d) standard. Therefore, this court cannot address the merits of his claim. See Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 130 S.Ct. 612, 615 (2009) and Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991)) ("Absent showings of

'cause' and 'prejudice,' . . . federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'")

### III. Certificate of Appealability

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzalez v. Thaler, 565 U.S. 134, 140–41 (2012). Wilson has not made either showing.

### IV. Conclusion

As set forth above, the court **DISMISSES** Wilson's habeas petition, ECF Nos. 1 and 25, because it is untimely, unexhausted and procedurally barred, and because he has failed to allege that he is incarcerated in violation of the Constitution. The court **GRANTS** the government's Motion to Dismiss, ECF No. 15. In addition, the court **DENIES** a certificate of appealability.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 26, 2024

Michael F. Urbanski
Senior United States District Judge